**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

ROLANDO CESAR FERRANDO BATISTA,

Petitioner,

v.

CHRISTOPHER J. LAROSE, *et al.*,

Respondents.

Case No. 26-cv-04487-BAS-GC

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS (ECF No. 1)**

Petitioner Rolando Cesar Ferrando Batista filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, claiming he was improperly detained after he was released by an Immigration Judge on bond. (ECF No. 1.) The Government filed a Return, which—instead of addressing the issues raised in the Petition—stated it had no opposition to a bond hearing based on *Rodriguez Vazquez v. Bostock*, No. 25-6842, __F.4th __ (9th Cir. July 30, 2026). (ECF No. 5.) However, as Petitioner points out in the Traverse, the Petition does not raise issues addressed in *Rodriguez Vazquez*, and Petitioner is requesting immediate release, not a bond hearing. (ECF No. 6.) For the reasons stated below, the Court **GRANTS** the Petition and orders that Petitioner be released on the same terms and conditions as he was previously released.

## I. LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004). "The traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A court may grant a writ of habeas corpus to a petitioner who demonstrates he or she is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). It applies to non-citizens detained within the United States. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). Since Petitioner is in custody and since he is seeking release from custody, he has standing to pursue this Petition.

## II. STATEMENT OF FACTS

Petitioner, a citizen of Cuba, entered the United States on December 27, 2023, seeking asylum. (Pet. ¶ 6, ECF No. 1.) He was paroled into the United States after Immigration and Customs Enforcement ("ICE") determined he was not a flight risk or a danger to the community. (*Id.* ¶ 7.) His U.S. citizen wife is petitioning to get him lawful permanent resident status. (*Id.*)

On August 26, 2024, Petitioner was arrested by the police, but no further action was taken on his criminal case. (Pet. ¶ 9.) ICE re-detained Petitioner, and he appeared before an Immigration Judge who, on October 25, 2024, released him on bond. (*Id.*)

On May 14, 2026, Petitioner was again arrested by the police but, again, no charges were filed. (Pet. ¶ 10.) The judge in the criminal case ordered Petitioner released on his own recognizance. (*Id.*) On July 13, 2026, local authorities issued an official "no action" memorandum, confirming that no criminal charges would be filed. (*Id.*) Nonetheless, ICE has re-detained Petitioner without notice or an opportunity to be heard.

## III. ANALYSIS

Petitioner's re-detention without notice or an opportunity to be heard violates Petitioner's due process rights. Individuals released from custody, even where such release is conditional, have a liberty interest in continued liberty. *See, e.g.*, *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972) (parolees); *Young v. Harper*, 520 U.S. 143, 150 (1997) (pre-

parolees); *Gagnon v. Scarpelli*, 411 U.S. 778, 782 (1973) (probationers). Thus, this Court agrees with those courts that have held:

> [O]nce a noncitizen has been released, the law prohibits federal agents from rearresting him merely because he is subject to removal proceedings. Rather, the federal agents must be able to present evidence of materially changed circumstances—namely, evidence that the noncitizen is in fact dangerous or has become a flight risk, or is now subject to a final order of removal. And if the noncitizen disputes the notion that changed circumstances justify his rearrest, he is entitled to a prompt hearing before an Immigration Judge.

*Saravia v. Sessions*, 280 F. Supp. 3d 1168, 1176–77 (N.D. Cal. 2017); *see also Kamalpreet v. Singh*, No. 26-cv-1211-LL-JLB, 2026 WL 622687, at *1 (S.D. Cal. Mar. 5, 2026) ("Although the initial decision to detain or release an individual may be within the government's discretion, the government's decision to release an individual from custody creates an implicit promise, upon which that individual may rely, that their liberty will be revoked only if they fail to live up to the conditions of release." (citation modified) (quoting *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025))).

The Government argues that Petitioner is entitled to a bond hearing under *Rodriguez Vazquez*, and the Court should address this statutory issue before addressing the constitutional claim. (ECF No. 5.) However, *Rodriguez Vazquez* is inapplicable to an individual in Petitioner's circumstances. *Rodriguez Vazquez* dealt with individuals arrested in the interior of the United States after entering the United States illegally. Petitioner was arrested at the border and, as such, was subject to mandatory detention under 8 U.S.C. § 1225(b)(2). Although subject to mandatory detention, he was paroled into the United States for urgent humanitarian reasons under § 1182(d)(5)(A). "Such parole, however, 'shall not be regarded as admission of the alien.'" *Jennings v. Rodriguez*, 583 U.S. 281, 288 (2018) (citing 8 U.S.C. § 1182(d)(5)(A)). Thus, the Government's reliance on *Rodriguez Vazquez* is misplaced.

Further, because an Immigration Judge ordered Petitioner released on bond on October 25, 2024, Petitioner is entitled to remain released on the same conditions as he was released at that time. If ICE believes circumstances have changed, it must provide notice

of these changed circumstances to Petitioner and provide Petitioner an opportunity to be heard promptly before an Immigration Judge. Hence, the Court **GRANTS** the Petition.

## IV. CONCLUSION

Accordingly, the Court issues the following writ:

> The Court **ORDERS** that Rolando Cesar Ferrando Batista (A# 246-587-988) be released on the same terms and conditions on which he was previously released by an Immigration Judge on October 25, 2024.

The Clerk of Court shall close the case.

**IT IS SO ORDERED.**

**DATED: August 24, 2026**

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**